FILED

JUL 2 8 2005



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| VINCENT C. DONOVAN, | * | CIV 05-4093 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| ALBERTO GONZALES, U.S. Attorney Gen; R. MARTINEZ, Warden, FPC Yankton, | * | |
| Respondents. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Vincent Donovan, an inmate at the Federal Prison Camp in Yankton, South Dakota, has applied for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons stated below, the petition for a writ of habeas will be denied.

Petitioner was convicted of possession with intent to distribute cocaine and conspiracy to do the same in violation of 21 U.S.C. §§ 841(a)(1), 846. He was sentenced in the Eastern District of Wisconsin on October 19, 1992, to serve 212 months' imprisonment. He filed a direct appeal and a motion under 28 U.S.C. § 2255 to attack his conviction and sentence. His conviction and sentence were upheld by the Seventh Circuit Court of Appeals. *See United States v. Donovan*, 24 F.3d 908 (7th Cir. 1994).

In an attempt to establish why he is seeking habeas corpus relief under 28 U.S.C. § 2241, rather than seeking to file a second or successive 2255 motion, Petitioner asserts: "Because the Ground raised here confirms that the district court lacked jurisdiction to determine Mr. Donovan's guilt under the statute(s) charged and that the indictment failed to state an offense, therefore he must be permitted to seek habeas corpus relief under § 2241. Jurisdiction defects can be raised at 'any

time.'" (Petition, Doc. 1.) He further states that the grounds raised in this petition have not previously been raised by way of petition for habeas corpus or motion under § 2255.

In his Memorandum of Law in Support of Petition, Doc. 2, Petitioner's primary argument is that "the history of the [Controlled Substances Act] confirms, that the Act does not proscribe the conduct which is charged here, that is, the possession with intent to distribute a homemade substance by persons not regulated by the act." (Doc. 2 at 13.) He claims he is not within the "'class' of persons whom the [Controlled Substances Act] sweeps into its criminal ambit." (Doc. 2 at 4.) He contends that the only persons subject to criminal prosecution under 21 U.S.C. § 841(a) are those persons required to register with the Attorney General pursuant to 21 U.S.C. §§ 822, 957 and those persons identified in 21 C.F.R. § 1301 *et seq*. The relief he seeks is to have his convictions deemed nullities, entitling him to immediate release from custody and expungement of these criminal convictions from his record.

Petitioner cites *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), in support of his argument that he is entitled to proceed under § 2241. The Seventh Circuit held in *In re Davenport* that: "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." Three qualifications were added to this holding by the Seventh Circuit: (1) "the change of law has to have been made retroactive by the Supreme Court; (2) "it must be a change that eludes the permission in section 2255 for successive motions"; and (3) "'change in the law' is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 611-12. Petitioner's claim does not fall within the initial portion of the Seventh Circuit's holding because he cannot point to a change in the law after his first 2255 motion. Thus, *In re Davenport*, does not support Petitioner's claim that he is entitled to proceed under § 2241.

Petitioner apparently seeks to invoke the "safety valve" in § 2255, which allows a federal prisoner to petition for a writ of habeas corpus under 28 U.S.C. § 2241 if it "appears that the remedy

2

by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A second holding in the *In re Davenport* case is applicable to Petitioner's request for relief under § 2241: "Nothing in 2255 made the remedy provided by that section inadequate to enable [Petitioner] to test the legality of his imprisonment. He had an unobstructed procedural shot at getting his sentence vacated." *See In re Davenport*, 147 F.3d at 609. Petitioner was not prevented from raising in his first 2255 motion the issue he seeks to pursue in the present petition and he cannot invoke the safety value in § 2255. The likely reason for Petitioner's decision to file his petition under § 2241, is the existence of strict procedural rules for filing a second or successive motion under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2255, 2244. The Court concludes that Petitioner is prohibited from pursuing the claims asserted in the Petition under 28 U.S.C. § 2241. Accordingly,

IT IS ORDERED:

1. That Petitioner's Motion to Proceed In Forma Pauperis, Doc. 3, is granted.

2. That Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is denied.

Dated this 21 day of July, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Toews*
(SEAL)    DEPUTY

3